NIPPON STEEL CORP., KAWASAKI STEEL CORP., KOBÉ STEEL, LTD., NISSHIN STEEL CO., LTD., NKK CORP., AND SUMITOMO METAL INDUSTRIES, LTD., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND U.S. STEEL GROUP—A UNIT OF USX CORP., AK STEEL CORP., GULF STATES STEEL, INC. OF ALABAMA, NATIONAL STEEL CORP., BETHLEHEM STEEL CORP., LTV STEEL CO., INC., INLAND STEEL INDUSTRIES, INC., SHARON STEEL CORP., AND WCI STEEL, INC., DEFENDANT-INTERVENORS

Consolidated Court No. 93-09-00555-INJ

(Dated June 9, 1995)

*White & Case (Walter J. Spak, Christopher M. Curran* and *Lisa L. Hubbard)* for plaintiff Industrias Monterrey, S.A. de C.V.

*Lyn M. Schlitt,* General Counsel, United States International Trade Commission, *James A. Toupin,* Deputy General Counsel *(Cynthia P. Johnson* and *James M. Lyons)* for defendant.

*Dewey Ballantine (Alan Wm. Wolff* and *Michael H. Stein)* and *Skadden, Arps, Slate, Meagher & Flom (Robert E. Lighthizer* and *John J. Mangan)* for defendant-intervenors U.S. Steel Group—a Unit of USX Corp.; AK Steel Corp.; Gulf States Steel, Inc. of Alabama; National Steel Corp.; Bethlehem Steel Corp.; LTV Steel Company, Inc.; Inland Steel Industries, Inc.; Sharon Steel Corp.; and WCI Steel, Inc.

## OPINION

RESTANI, *Judge:* This matter is before the court following a remand order. *See Nippon Steel Corp. v. United States,* Slip Op. 95-57 (Apr. 3, 1995). The court remanded the original determination to enable Chairman Watson of the International Trade Commission ("Commission") to reconsider his determination with respect to cumulation of certain corrosion-resistant steel products from Mexico for present material injury analysis purposes. The court gave specific instructions that Chairman Watson re-evaluate his finding of negligibility as to Mexican products,

---

that was expressed in his separate views concurring with the joint determination. *See Certain Flat-Rolled Carbon Steel Prods. from Argentina, Australia, Austria, Belgium, Brazil, Canada, Finland, France, Germany, Italy, Japan, Korea, Mexico, the Netherlands, New Zealand, Poland, Romania, Spain, Sweden, and the United Kingdom,* USITC Pub. No. 2664, Inv. Nos. 701–TA–319–332, 334, 336–342, 344, and 347–353, and Inv. Nos. 731–TA–573–579, 581–592, 594–597, 599–609, and 612–619, at 205 (Aug. 1993) (final determ.). Petitioners here contest the Commission's remand determination *("Remand Det.")* dated May 4, 1995, on the basis that the full Commission was required to reconsider and re-issue its views on negligibility of Mexican imports.

The relevant statute provides that,

> [i]f the final disposition of an action brought under this section is not in harmony with the published determination of * * * the Commission, the matter shall be remanded to * * * the Commission * * * for disposition consistent with the final disposition of the court.

19 U.S.C. § 1516a(c)(3) (1988). In the remand determination, Chairman Watson reconsidered the evidence regarding Mexican imports, and indicated his continuing full concurrence with the joint opinion, as to which the court found no error. *Remand Det.* at 1. The consideration of American Goods Returned, with which the court found fault and continues to do so, did not affect the outcome, as is now made clear by the revised determination *Id.*

Chairman Watson's revised views were circulated to the full Commission for a vote on the question of whether Chairman Watson's views would constitute the full response from the Commission to the court. *See* Attach. to Def.'s Resp. to Pls.' Objections to Commission's Remand Determination (action jacket approval record). The vote approved of the submission of the remand determination, consisting of Chairman Watson's views, without any additional text. *Id.*

Petitioners insist that each member of the Commission was compelled to reconsider and formulate written views on this issue.[1] In support, petitioners point chiefly to the holding in *Metallverken Nederland B.V. v. United States,* 14 CIT 481, 744 F. Supp. 281 (1990). There the court had ordered that Commissioner Rohr reconsider his threat of material injury determination, and on remand, parties contested Commissioner Newquist's participation as outside the scope of the order. *Id.* at 489, 744 F. Supp. at 287. The court in *Metallverken* held that the remand order was not directed to a single commissioner, but instead was intended for the entire Commission. *Id.* at 490, 744 F. Supp. at 288. In *Metallverken,* the court did not reach the issue of whether Commissioner Newquist had exceeded the scope of the remand, but did determine that the Commission had broad discretion to fashion its procedures. *Id.*

---

[1] Whether every commissioner was permitted to reconsider his or her original analysis in the case of such a limited remand, and where the views at issue are clarified to indicate that the error noted was not determinative, is not before the court. Such a procedure was not utilized.

The decision in *Metallverken* does not stand for the proposition that on remand each commissioner must issue a written explanation of his or her views, after consideration of clarifications or revisions by another commissioner. *See Bando Chem. Indus., Ltd. v. United States,* Slip Op. 93–150 (Aug. 6, 1993) (sustaining remand determination, resulting from order directing only Commissioner Rohr to reconsider findings regarding threat of material injury), *aff'd without op.,* 26 F.3d 139 (Fed. Cir. 1994). The court here finds that the Commission's circulation and review of, and vote with regard to, Chairman Watson's clarified views constituted a complete response by the Commission to the remand order. The court further finds that such action was consistent with the requirements of the statute under the factual circumstances of this remand.

For these reasons, the court sustains the remand determination containing the clarified views of Chairman Watson regarding his negligibility determination as to Mexican corrosion-resistant steel products.